Longworth, J.
The answer of defendant, as a pleading, is *365 exceedingly vague and unsatisfactory. Whether by it the defendant offered to confess judgment for the sum of $90, or to deny the rendition of any services, except those expressly admitted, and to allege, by way of alternative, that such services, if they had been rendered, would not have been worth, all told, more that $90, is not as clear as we could desire. The latter construction, however, is the more reasonable. Treated as an admission of the facts stated in the petition, except as to the value of the services rendered, the judgment upon the pleadings would have been final, and the action of the court, in rendering a further judgment in plaintiff’s favor would be too plainly erroneous to admit of discussion.
The court below seems to have treated the case as one of that class to which the provisions of § 376 of the code of proceedure apply. 69 Ohio L. 44. That section provides that defendant having answered “ to a part of the cause or causes of action alleged, the court mjiy, in its discretion, render judgment upon such part or parts as are not put in issue by such <mswerP Under the discretionary power thus conferred the court might, undoubtedly, have rendered judgment in plaintiff’s favor for $40.50 upon the nine items expressly admitted by the answer to have been correctly charged, and then continued the cause for trial upon the issue or issues raised. But this was not done.
As to the remaining items of account the answer either admitted or denied that the services were rendered. If it admitted their rendition the mere denial that they were of the value alleged would be surplusage, and the court might have rendered judgment against defendant as by default, there being no issue of any kind raised by the answer. If, on the other hand, the rendition of services was denied, then it was error to enter up judgment against defendant for $90, without trial, as was done. But of this error the defendant made no complaint; on the contrary, he paid the judgment, and only objected to the court proceeding against him further. Upon either hypothesis the judgment was a finality.
Section 376 of the code applies only to cases where apa/rt of *366 the cause or causes of action is admitted and part denied ; it does not apply where all are admitted or denied.
Moore v. Woodside, 26 Ohio St. 537, in nowise conflicts with this doctrine. True, in that case the jflaintiff had but one cause of action, the suit having been brought to recover the agreed value of goods sold. But the answer alleged that the goods had been sold by sample, and were inferior to the samples in a specified amount, and offered to confess judgment for the agreed price less this amount. Here it is plain that the defendant might have paid the agreed price, and would then have had a right of action against plaintiff for the breach of warranty. Instead of so doing he sought to recoup in the same action; and it was upon the sole ground that the defense was a counterclaim, and not a mere denial of the amount of damages, that the decision in that case was based. The judgments of the district court and court of common pleas will be reversed.
Judgment accordingly.